## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## MOBILE DIVISION

| | |
|---|---|
| SHIRLEY RANKIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| ASHLAND PLACE HEALTH ) | |
| & REHABILITIATION, LLC, ) | JURY DEMAND |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

### I.    INTRODUCTION

1. This is an action alleging discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. 12101 et. seq. Plaintiff is an individual with a disability and had a history of disability. Defendant discriminated against Plaintiff based on her disability in violation of the ADA and in retaliation for engaging in protected activity. Plaintiff seeks injunctive relief, equitable relief, instatement, back pay, front pay, compensatory, liquidated damages, punitive, damages, and reasonable attorney fees and costs.

### II.    JURISDICTION

2. This Court has jurisdiction in accordance with 28 U.S.C. 1331 and 38 U.S.C. 4323(b). Venue is proper pursuant to 28 U.S.C. 1391.

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title I of the ADA. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. On February 21, 2025, the Equal Employment Opportunity Commission issued a Right to Sue Notice. Plaintiff timely filed this lawsuit.

**III. PARTIES**

4. Plaintiff, Shirley Rankin, is an individual over the age of 19 years and a resident of Mobile County, Alabama. Plaintiff was qualified to perform her job with Defendant. Plaintiff worked for Defendant in Mobile County, Alabama.

5. Defendant Ashland Place Health and Rehabilitation, LLC is an "employer" as defined under the ADA and is subject to compliance under the statutes. Defendant conducted business at its facility located in Mobile County, Alabama.

**IV. FACTUAL ALLEGATIONS**

6. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

7. Plaintiff was hired by Defendant, Ashland Place Health and Rehabilitation, LLC, for the position of CNA/Med Tech on June 15, 2023.

8. On March 5, 2024, Plaintiff sustained an on-the-job back injury and was subsequently placed on restricted duty by her physician.

9. Due to Plaintiff's injury, she was limited in a major life activity.

10. Defendant could have reasonably accommodated Plaintiff's disability.

11. On September 16, 2024, Plaintiff was suspended for one week due to not being able to perform her job duties as she was on modified duty.

12. Plaintiff complained to Administrator Cidney Broughton and was returned to work and given backpay for the time missed from work due to the suspension.

13. Plaintiff remained on restricted duty from her physician.

14. Defendant could have continued to reasonably accommodate Plaintiff.

15. On November 2, 2024, the Director of Nursing asked Plaintiff to take a team at the lockdown unit.

16. The assignment as contrary to Plaintiff's doctor's restrictions and disability. It was also contrary to the job Plaintiff had been performing.

17. Plaintiff informed the DON of her disability and medical work restrictions and Plaintiff was told if she could not do the job, then she could leave.

18. Plaintiff contacted Cidney Broughton, Administrator, and reported what the DON had told her.

19. Broughton told Plaintiff to leave the premises and that she was terminated for alleged insubordination.

20. Defendant could have reasonable accommodated Plaintiff.

21. Plaintiff is a qualified individual with a "disability," as that term is defined by the Americans with Disabilities Act.

22. Plaintiff could perform the essential functions of the job of with reasonable accommodations.

23. Through the actions and inactions described above, Plaintiff believes Defendant discriminated against her based on her disability, history of a disability, and Defendant's perception of Plaintiff as disabled.

24. Defendant failed to engage in the interactive process and failed to provide a reasonable accommodation, if needed.

25. Defendant unlawfully terminated Plaintiff's employment.

26. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

27. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V.  CAUSE OF ACTION

### COUNT I – CLAIM OF DISCRIMINATION PURSUANT TO TITLE I OF THE AMERICANS WITH DISABILITIES ACT

28.   Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

29.   Plaintiff's is a person with a disability and had a history of disability. See 42 U.S.C. 12102.

30.   Defendant is a covered entity and an employer in accordance with 42 U.S.C. 12111(5).

31.   Plaintiff is a qualified individual as defined under the ADA. See 42 U.S.C. 12111.

32.   Under the ADA, Defendant is prohibited from discriminating against Plaintiff by excluding or otherwise denying equal jobs or benefits to her, a qualified individual, because of the known disability.  42 U.S.C. 12112(a) and (b)(4).

33.   The ADA's protection against discrimination also prohibits utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.  42 U.S.C. 12112(b)(3)(A).

34.   Defendant was aware of Plaintiff's disability and history of disability. Defendant denied Plaintiff equal benefits when it through the actions and inactions described above, discriminated against Plaintiff based on her disability, history of a

disability, its perception of her as disabled, failure to engage in the interactive process and failed to provide a reasonable accommodation, in violation of the ADA.

35. In terminating Plaintiff and denying her equal benefits, Defendant has maliciously, intentionally, and with reckless disregard discriminated against Plaintiff as a person with disability and a record of disability and has otherwise classified and segregated Plaintiff in a way that has adversely affected her job opportunities because she is a person with a disability and a history of disability. See 42 U.S.C. 12112.

36. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

37. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant, including the action taken against Plaintiff by defendants, are violative of Plaintiff's rights as secured by the Americans with Disabilities Act.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant, and at the Defendants' request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to the Americans with Disabilities Act.

3. Award Plaintiff damages including instatement, back pay, front pay, compensatory damages, and punitive damages.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

Respectfully submitted,

*/s/ Rocco Calamusa, Jr.*
Rocco Calamusa, Jr. (asb-5324-a61r)
WIGGINS, CHILDS, PANTAZIS,
  FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
rcalamusa@wigginschilds.com


**Defendant's Address:**
**Ashland Place Health & Rehabilitation, LLC**
**c/o Edward R. Christian, Reg. Agent**
**420 North 20th Street, Ste. 3400**
**Birmingham, AL 35203**

7

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Rocco Calamusa, Jr.*
OF COUNSEL
